FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERNANDO JAVIER H.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 1:25-CV-03069-SAB<br><br>**ORDER REVERSING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Benjamin Groebner, L. Jamala Edwards, Judy Tsui and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 9, the Commissioner's Brief, ECF No. 19, and Plaintiff's Reply Brief, ECF No. 20.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I.  Jurisdiction**

On July 26, 2022, Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application supplemental security income on the same

**ORDER REVERSING THE DECISION OF COMMISSIONER ~1**

day, with the onset date of May 1, 2020. Plaintiff's application was denied initially and on reconsideration. Plaintiff timely requested a hearing. A telephonic hearing was held on April 11, 2024. Plaintiff participated and was represented by attorney Kathryn Ann Higgs. Kimberly North, vocational expert, also testified at the hearing. On May 9, 2024, the ALJ found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on March 28, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on May 20, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 2**

activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~3

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~4

quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 42 years old. He testified that he completed about three years of college. He has prior work as a paraeducator, working as a behavioral specialist. During the COVID pandemic, he developed severe anxiety and moved in with his parents. He has been unable to work since that time because of his anxiety. He testified he experiences anywhere from 12 to 15 panic attacks a month. They last from two to five minutes. He experiences chest tightness, shaking, dizziness, and feeling nauseous. If he is out in the public and has a panic attack, he tries to find a restroom, wet his face, and try some breathing techniques. He has difficulty driving and only drives for short distances and with a passenger.

Plaintiff has binged alcohol as a way to cope with his anxiety. Typically, Plaintiff will stop his anxiety medication for some reason, then binge drink to cope with his anxiety, and eventually end up in the ER to detox.

Plaintiff's father provided a Third-party Functional Report. He reported he drives Plaintiff to appointments and to run errands because Plaintiff is unable to drive because he is scared, he will have a panic attack. He said that Plaintiff is unable to complete tasks because he feels pressure in his head. He said that before his illness, Plaintiff was a very social person, but now, he does not go anywhere or socialize with anyone.

//

//

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 30-41. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2020. AR 32.

At step two, the ALJ identified the following severe impairments: major anxiety disorder; depressive disorder; and alcohol use disorder (20 CFR 404.1520(c) and 416.920(c)). AR 33.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 33.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and carry out simple, routine, and repetitive tasks involving only simple work-related decisions and occasional decision making and changes in the work setting. He can tolerate occasional, brief, and superficial interaction with coworkers. He can perform work requiring no contact with the public.

AR 34

At step five, the ALJ found that Plaintiff had no past relevant work, but there were other jobs that existed in significant numbers in the national economy that he could perform, including dishwasher, cleaner II and hand packager. AR 40. Consequently, the ALJ found that Plaintiff was not disabled.

Consequently, the ALJ concluded that Plaintiff was not disabled. AR 41.

## VI. Issues

1. Whether the ALJ properly evaluated the medical opinion evidence
2. Whether the ALJ properly evaluated Plaintiff's symptom testimony

## VII. Discussion

1. **Evaluation of the Medical Opinions**

In evaluating medical opinion evidence, the ALJ considers the

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~6

persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability.
>
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.
>
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

The ALJ found the mental residual functional capacity opinions from state agency psychology consultants persuasive because the consultants were familiar

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~7

with the Social Security disability criteria, they reviewed the records and pointed to evidence in the record to substantiate their opinions.

The ALJ did not find the opinion of Dr. Morgan and Dr. Eisenhauer to be persuasive.

**A. Dr. Morgan**

The ALJ did not find the opinion of Dr. Morgan to be persuasive because his opinion was conclusory, insufficiently supported and inconsistent with the longitudinal record.

The ALJ's consideration of Dr. Morgan's opinion is not supported by substantial evidence in the record. The ALJ criticized Dr. Morgan's opinion because Dr. Morgan's opinion relied on Plaintiff's statements rather than any records Dr. Morgan reviewed but it did not point to any information in Plaintiff's medical records that were inconsistent with his statements to Dr. Morgan, namely that he experiences frequent panic attacks, or with information that would have changed Dr. Morgan's assessments in any way. The ALJ failed to note that Dr. Morgan understood Plaintiff used alcohol to manage his anxiety, which suggests that Plaintiff's alcohol use was discussed. The ALJ failed to explain how Plaintiff's anxious mood, memory problems, and credible reports of frequent panic attacks that were noted by Dr. Morgan are inconsistent with the limitations Dr. Morgan identified. The ALJ's conclusion that Dr. Morgan's opinion was inconsistent with Plaintiff's largely normal presentation to his providers is not supported by substantial evidence in the record. Instead, the record demonstrates these records show Plaintiff frequently appeared anxious, sad, depressed, with blunt affect and with limited insight and judgment.

The ALJ erred in finding that Dr. Morgan's opinion was not supported and consistent with the record. Instead, the opposite is true, that is, the longitudinal record supports Dr. Morgan's opinion, and his opinion is consistent with the record.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~8

### B. Dr. Renee Eisenhauer

The ALJ found Dr. Eisenhauer's opinion to be unpersuasive because it believed Dr. Eisenhauer reviewed only Dr. Morgan's evaluation and adopted it. This was in error because the record demonstrates that Dr. Eisenhauer had also been the State agency consultant at the initial level, so she had an opportunity to review Plaintiff's medical records.

### 2. **Plaintiff's Subjective Complaints**

Plaintiff argues the ALJ erred in discounting Plaintiff's subjective symptoms.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ concluded that Plaintiff's statements regarding his symptoms and limitations were inconsistent because Plaintiff testified that he cannot be around other people in a work setting, but then stated he probably could handle interacting with his supervisors in a work setting; because he testified his primary trigger for his panic attacks is interactions with other people, but he also told medical

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~9

providers driving triggers his panic attacks; because he testified he could drive somewhere close to home, even though he also testified he could not drive because of his anxiety and panic symptoms; because in 2021 he asked his doctor to provide a letter saying he was unable to work because of severe headaches, not anxiety; and because in June and July 2020 he had enjoyed going to the gym but could not go because it was closed due to COVID precautions, not because of an inability to leave his house or manage social interaction; and because he traveled to Mexico in 2023 and stayed for three weeks.

These are not convincing reasons for discounting Plaintiff's testimony and are in fact, a misstatement of the record. First, Plaintiff testified that the *primary* trigger for his panic attacks is being around other people, but another trigger (but not primary) is driving. He stated he never drives alone, always has a passenger, and if it gets too much, he will ask the passenger to drive. The ALJ failed to appreciate that a person can have more than one trigger for panic symptoms.

Second, the ALJ ignored evidence that gym closure was one fact that led to Plaintiff developing severe anxiety. The record demonstrates that Plaintiff has suffered from anxiety for a long time, even in high school. Exercise helped him control his symptoms. But then, the gym closed, he experienced right knee pain and his anxiety escalated, and the record shows he began experiencing severe panic attacks. There is no inconsistency between his testimony that he has frequent panic attacks and the fact that COVID initially prevented him from going to the gym.

Third, the record demonstrates that Plaintiff did suffer from frequent and severe headaches in 2021. Eventually, he was able to reduce the intensity of the headaches.

Fourth, the record demonstrates that Plaintiff discussed the trip to Mexico with his treatment providers and was provided medication to allow him to successfully fly. The ALJ theorized that Plaintiff would have to interact with other people in crowded airport terminals and onboard the airplane, but failed to discuss

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~10

Plaintiff's strategy of going to the restroom when he experienced panic attacks to splash water on his face, and to engage in breathing exercises. Plaintiff's single trip to Mexico is not inconsistent with his testimony regarding his limitations.

The ALJ found Plaintiff's symptom testimony was inconsistent with his medical records. This finding is not supported by substantial evidence. Rather, the record demonstrates that while at times Plaintiff's presentation was "unremarkable" the record also shows he presented as anxious, sad/depressed, with blunted affect, and with limited insight and judgment.

Finally, the ALJ erred to finding that Plaintiff's symptom testimony was not credible because he was noncompliant with treatment recommendations, because he would feel better and then stop medications, which would increase his anxiety. The record shows that Plaintiff experiences poor insight and judgment and thus, it is more than likely that he does not understand and appreciate the need for his medication. Moreover, there is nothing in the record to suggest that if Plaintiff consistently took his medications, his condition would improve so that he could return to work. Even while on medications, Plaintiff experiences severe anxiety.

Because the ALJ's credibility finding is not supported by substantial evidence in the record, the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

### VIII. Conclusion

The ALJ erred in concluding Dr. Morgan and Dr. Eisenhauer's opinion were not consistent or supported by the record. The ALJ also erred in finding Plaintiff's statements concerning his symptoms were inconsistent. As such, substantial evidence does not support the ALJ's determination that Plaintiff was not disabled.

If the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1022 (9th Cir. 2014). There is no need to develop the record or convene

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~11

further administrative proceedings. As such, a remand for an immediate award of benefits is appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 9, is **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 19, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of January 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~12